# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**HERCULES VINCENT**                      CIVIL NO. 6:07CV0294

Vs.                                       JUDGE HAIK

**TIDEWATER MARINE L L C,**               MAGISTRATE JUDGE METHVIN
**ET AL**

**MINUTES OF COURT:**
*Hearing on Motion to Compel (Rec. Doc. 52)*

| | |
|---|---|
| Date: November 5, 2008 | Presiding Judge: Magistrate Judge Methvin |
| Court Opened: 4:00 p.m. | Minute Clerk: Chris Smith |
| Court Adjourned: 4:50 a.m. | Law Clerk: Lynn Arceneaux |
| Time in Court: 0:50 | FTR Recorder: Courtroom 7 |

**APPEARANCES**
1. D. Patrick Daniel, Jr — For Hercules Vincent, plaintiff
2. Melissa L. Theriot — For Tidewater Marine L L C, Pental Insurance Co Ltd and Twenty Grand Marine Services LLC, defendants

## Proceedings:

Oral argument was held this date in connection with plaintiff's motion to compel (Rec. Doc. 52). After considering the briefs of the parties and oral argument, the following **ORDERS** were entered:

**ISSUES:**
**1) Status of plaintiff's Third Set of Discovery Requests.**

Plaintiff's motion to compel responses to his Third Set of Discovery Requests is **DENIED AS MOOT**. Plaintiff advises that these documents have been produced.

**2) Whether investigative materials, including the plaintiff's statement, notes and report to Tidewater, prepared by William Johnson of American Claims Services should be produced.**

Motion to Compel as to these materials is **DENIED**, except to the extent that production has already been made of plaintiff's own statement.

It is defendants' burden to establish that the investigator's file, including his notes and report, is work product. *See* Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985).

> Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of

> document or whether the document was instead prepared in response to a particular circumstance. If the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation.

Piatkowski v. Abdon Callais Offshore, L.L.C., 2000 WL 1145825, 2 (E.D. La. 8/11/2000).

The affidavit prepared by John "Sandy" Duplantier, in-house counsel for Tidewater, shows that he directed that an investigator be hired to take the statement of Vincent regarding the accident. This constitutes "attorney involvement," although the fact Duplantier is in-house counsel and not specially retained must be taken into consideration. Duplantier's affidavit also states Tidewater did not routinely hire outside claims investigators to investigate and obtain statements for all injuries. The court concludes that Tidewater has carried its burden to show these materials were work product.

Tidewater confirmed that the investigation file includes only the plaintiff's statement, and Mr. Johnson's notes and report to Tidewater. Tidewater has produced plaintiff's statement. Plaintiff has not shown a need for these documents and there is nothing to suggest that plaintiff will be prejudiced at trial if they are not produced.

**3) Whether Tidewater should be compelled to produce its surveillance evidence.**

Motion is **DENIED AS MOOT IN PART** and **DENIED IN PART**.

Counsel for plaintiff advised that he has the surveillance tapes thus the request for the tapes is moot. Plaintiff is also requesting Tidewater's instructions and directions to the investigator and/or videographer. This information sought is opinion work-product because it would clearly contain attorney impressions and mental processes and is non-discoverable.

**4) Status of plaintiff's First Requests for Production of Documents as refined in plaintiff's Addendum and Status of plaintiff's request for Non-conformity Report, Inspections by the ABS, Corrective Action Reports, and the ABS Document of Compliance.**

** Motion denied as **MOOT.** On November 6, 2007, following the oral argument, Ms. Theriot advised chambers that the remaining issues are now moot based on Mr. Daniel's e-mail to her. See attachment A.

**Additional orders entered during oral argument:** The remainder of the motion to compel was **DEFERRED** pending a conference between counsel to narrow the issues. *Post-hearing, counsel advised that all remaining issues have been resolved.[1]*

**5) Whether plaintiff should be allowed a second inspection of vessel**

Motion as to request for second inspection is **DENIED**. Rule 26(b)(2) (C) permits courts to limit the frequency or extent of discovery when discovery sought is unreasonably cumulative or duplicative and the part seeking discovery has had an opportunity to obtain the information sought by discovery in the action. Plaintiff seeks a second inspection to allow his operations expert to inspect the vessel. Plaintiff does not dispute that he has previously been allowed a full inspection.

**6)** The parties are instructed to inform the undersigned's law clerk whether they wish to schedule a settlement conference.

---

[1] The instant Minutes would reflect the following, except that the parties have now resolved all issues:

The parties were ORDERED to hold a conference to determine which issues had been resolved and which remained outstanding. The parties were ORDERED to contact the undersigned's office on November 6, 2008 to set up a second oral argument, to be scheduled either on the morning of November 14, 2008 or November 15, 2008.

Tidewater is of the belief that these issues were the subject of two prior motions which were resolved out of court and rendered moot. Counsel for plaintiff objected that he did not acquiesce in Tidewater's request that the motions be withdrawn as moot. The court's order (Rec. Doc. 16) mooting plaintiff's first motion to compel (Rec. Doc. 9) was based on plaintiff's counsel's December 11, 2007 letter to the undersigned advising that it was moot. As to plaintiff's second motion to compel (Rec. Doc. 26), the order denying the motion as moot indicates, "[o]n April 3, 2008, plaintiff's counsel's office advised the undersigned's law clerk that the parties had resolved the discovery dispute." The order references plaintiff's correspondence dated December 11, 2007.